**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

First Impression Technologies LLC,

Plaintiff,

v.

Wireless Guardian Incorporated, et al.,

Defendants.

No. CV-25-00885-PHX-DJH

**ORDER**

Plaintiff First Impression Technologies, LLC ("Plaintiff") filed a Motion for Final Judgment against Defendants Wireless Guardian, Inc. and Southeastern Wireless, LLC (Doc. 59).  In accordance with Federal Rule of Civil Procedure 55(a), the Clerk entered default against Defendants Wireless Guardian, Inc. and Southeastern Wireless, LLC (collectively, "Defendants") on November 3, 2025.  (*See* Doc. 51).  Plaintiff now requests that the Court enter "Final Judgment of Default and award uncontested damages" against Defendants pursuant to Rules 54(b) and 55(b)(2).  (Doc. 59 at 1).

As default has been properly entered under Rule 55(a), the Court has discretion to grant default judgment against Defendant pursuant to Rule 55(b).  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).  However, in deciding whether to grant default judgment, the Court should consider: (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the

policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff has failed to address any of the foregoing factors. Because Plaintiff has not addressed the *Eitel* factors, the instant motion will be denied. Plaintiff will be afforded an opportunity to refile the request. The new motion must fully address each *Eitel* factor[1] in addition to providing the grounds and evidence supporting any calculation of damages.

Plaintiff is further advised that any portion of an exhibit referenced in its motion must be identified with a pincite. The Court will not search through multiple pages of exhibits to find the evidence corroborating Plaintiff's claim, and general references to multiple-page exhibits are not sufficient to support a specific claim. Further, if Plaintiff files a renewed motion, the supporting documents for its attorneys' fees request should not be included. The Court's order will reflect whether a subsequent attorney fees motion may be filed. Finally, Plaintiff should review the Local Rules of Procedure and must comply with all the requirements of pleadings stated therein, including the requirement to submit a proposed order when requesting specific relief. *See* LRCiv. 7.1(b)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Final Judgment against Defendants Wireless Guardian, Inc. and Southeastern Wireless, LLC (Doc. 59) is **DENIED without prejudice**. Plaintiff may renew its Motion in accordance with this Order.

Dated this 2nd day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[1] To adequately address the second and third *Eitel* factors, Plaintiff must discuss the merits of each claim on which it is moving for default judgment.