**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Impression Technologies LLC, | No. CV-25-00885-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Wireless Guardian Incorporated, et al., | |
| Defendants. | |

On June 6, 2026, Plaintiff First Impression Technologies LLC ("Plaintiff") filed a Renewed Motion to Compel and Request for Sanctions (Doc. 68) against *pro se* Defendant Dwayne Ratliff ("Defendant"), stating that Defendant has still failed to serve his initial disclosures or respond to Plaintiff's discovery requests. Defendant has not filed a response to Plaintiff's Motion.

This case, over the last several months, has devolved into a constant struggle between Plaintiff and Defendant as to Defendant's lack of disclosures and productions, lack of communication, and the lingering specter of Defendant's bankruptcy proceedings. Previously, on April 9, 2026, Plaintiff filed a "Request for Court Intervention to Resolve Failures of Defendant Dwayne Ratliff to Cooperate and Comply with Discovery Obligations" (Doc. 61), which the Court denied without prejudice as it was not in compliance with the Court's discovery dispute procedure. However, the Motion alerted the Court that Defendant may have been in the process for filing for bankruptcy, and therefore on April 10, 2026, the Court ordered the parties to "meet and confer as to the

effect of Defendant Ratliff's bankruptcy proceedings on this case **within seven (7) days of this Order and file a Status Report with the Court as to the same**." (Doc. 62 at 2). Despite this deadline, Plaintiff did not file a Status Report until April 23, 2026. (Doc. 63). Therein, Plaintiff explained that Defendant told counsel to contact his bankruptcy attorney. When counsel did so, Defendant's bankruptcy attorney advised that he would be initiating bankruptcy proceedings on Defendant's behalf on or after May 15, 2026. In the Status Report, Plaintiff requested leave to file a discovery motion after counsel's unsuccessful attempts to confer with Defendant. (*Id.*)

On April 27, 2026, the Court ordered that "Defendant must **immediately** respond to Plaintiff's requests and show cause as to why sanctions should not issue against him" by May 8, 2026. (Doc. 64 at 2). The Court gave Plaintiff leave to file a motion to compel if Defendant failed to respond. (*Id.*)  When no response was docketed on May 8, Plaintiff filed its Motion to Compel and Request for Sanctions (Doc. 65). A delay in docketing later showed that Defendant indeed filed a Response on May 8. (See Doc. 66). In his Response, Defendant said he had "not intentionally disregarded discovery obligations or any directive of this Court" but has instead "been focused on preparing the bankruptcy filing, which Defendant believes directly related to the substantive basis of the claims asserted in this action." (Doc. 66 at 1). Plaintiff expected his personal bankruptcy would be filed "very shortly." (*Id.*).

In light of these circumstances, and due to the receipt of Defendant's timely Response, the Court denied Plaintiff's Motion to Compel and Request for Sanctions (Doc. 65) but ordered Defendant to nonetheless "make all initial disclosures and fully respond to Plaintiff's discovery requests by **May 28, 2026**. Failure to do so will preclude Defendant from using any undisclosed material in his defense." (Doc. 67 at 2). Defendant was further instructed that if he instigated bankruptcy proceedings he must immediately notify the Court. (*Id.* at 2–3).

Plaintiff renewed its Motion to Compel and for Sanctions on June 6, stating that Plaintiff still has not made initial disclosures, responded to discovery requests, or provided

a notice of bankruptcy. Indeed, the Court has not been notified of Defendant's bankruptcy proceedings, so it will assume none have begun. By all accounts, Defendant appears to be in direct violation of multiple Court Orders and has still, according to Plaintiff, failed to comply with his discovery obligations. The Court will order Defendant to show cause why sanctions, including Plaintiff's requested attorneys' fees, should not be assessed against him. Defendant shall also show cause why his Answer should not be stricken. *Staniforth v. Total Wealth Mgmt., Inc.*, 2022 WL 774733, at *2 (S.D. Cal. 2022) ("A defendant's answer may be stricken when the defendant persistently fails to participate in the action."). Defendant has demonstrated a disdain for responsibilities in this action and a lack of respect for the Court's Orders. His representations that his personal bankruptcy proceedings will be initiated "shortly" do not excuse his repeated failures to comply with Court orders or the Federal and Local Rules of Civil Procedure.

Lastly, at this time, the Court notes that Plaintiff filed a Motion for Final Judgment against Defendants Wireless Guardian, Inc. and Southeastern Wireless, LLC (Doc. 59). The Court denied this Motion on April 2, 2026, without prejudice because Plaintiff failed to address any of the *Eitel* factors. (Doc. 60 at 2). To date, Plaintiff has not renewed its motion. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("[The Ninth Circuit] has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."). Plaintiff is reminded of its obligation to diligently pursue this litigation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Renewed Motion to Compel and Request for Sanctions (Doc. 68) is **GRANTED in part.** Defendant Ratliff must fully respond to discovery requests and produce initial disclosures **by July 2, 2026**.

**IT IS FURTHER ORDERED** that **by July 2, 2026**, Defendant Ratliff must show cause as to why sanctions, including Plaintiff's attorneys' fees, should not be assessed against him. He shall also show cause why his Answer should not be stricken.

**IT IS FINALLY ORDERED** that **within thirty (30) days of this Order**, Plaintiff

must either file a status report or renewed motion for default judgment against Defendants Wireless Guardian, Inc. and Southeastern Wireless, LLC in compliance with the Court's April 2, 2026 Order.  Failure to do so may result in the dismissal of Defendants Wireless Guardian, Inc. and Southeastern Wireless, LLC for failure to prosecute.

Dated this 26th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge