**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

First Impression Technologies LLC,

Plaintiff,

v.

Wireless Guardian Incorporated, et al.,

Defendants.

No. CV-25-00885-PHX-DJH

**ORDER**

On June 6, 2026, the Court issued an Order, which, first, recounted *pro se* Defendant Dwayne Ratliff's ("Defendant") repeated failures to comply with Court Orders and participate in discovery.[1] (*See* Doc. 69 at 1–3). As a result of his repeated noncompliance, the Court ordered Defendant to "show cause as to why sanctions, including Plaintiff's attorneys' fees, should not be assessed against him" and "why his Answer should not be stricken" by July 2, 2026. (*Id.*) To date, Defendant has failed to respond in any manner to the Court's Order. Consequently, Plaintiff First Impressions Technologies LLC ("Plaintiff") filed a Motion to Request an Award of Sanctions against Defendant Ratliff for Continued Noncompliance with Court Orders (Doc. 70). In its Motion, Plaintiff requests an award of attorney fees in the amount of $16,320.00 and the imposition of further procedural sanctions, such as striking Defendant's Answer (Doc. 42), deemed appropriate by the Court. (*Id.* at 3).

Due to Defendant's failure to show cause as ordered by the Court and disregard of

[1] For the purposes of this Order, the Court adopts the procedural history spelled out in its prior Order (Doc. 69).

prior Court Orders, the Court now finds that it is necessary for the efficient resolution of this matter to strike Defendant's Answer and enter default against him. *See* Fed. R. Civ. P. 55(a); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) ("Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices.").

Further, given the multiple opportunities for compliance afforded to Defendant, the Court will likewise award Plaintiff its attorney fees for its efforts spent attempting to obtain discovery from Defendant. *See Marrocco v. Hill*, 291 F.R.D. 586, 590 n.8 (D. Nev. 2013) ("Rule 37(b)(2)(C) allows for the recovery of attorneys' fees "caused by the failure" to comply with a discovery order."). However, even though there was no objection, the Court will briefly examine the reasonableness of Plaintiff's requested fees in the interest of justice. Plaintiff requests fees at an hourly rate of $400 per hour but does little to establish the credentials of its counsel or how the fee compares to those requested in this locality. (*See* Doc. 65 at 3). Further, Plaintiff's fee request is only supported by seven broad categories, such as "preparation and submission" of a demand letter for 2.1 hours and "multiple attempts to confer" for 8 hours.[2] (*Id.*) There is no line itemization of the hours expended by counsel, and therefore the Court is without sufficient means to determine the reasonableness of the 40.8 claimed hours. As a result, the Court will exercise its discretion to reduce Plaintiff's fees by 50% for an award of $8,160.00, finding this award to be reasonable under the present circumstances. *See, e.g.*, *Popescu v. City of San Diego*, 2017 WL 747940, at *6 (S.D. Cal. 2017) ("[I]n the interest of justice and taking into account the unique circumstances of this case, the Court will further reduce Defendants' requests for fees by an additional approximately 25%.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Request an Award of Sanctions against Defendant Ratliff for Continued Noncompliance with Court Orders (Doc. 70) is **granted in part**. Defendant Ratliff's Answer (Doc. 42) is **stricken** from the record. The Clerk of

[2] The multiple attempts to confer is only supported by three emails, so the eight hours expended seems unreasonable. (*See* Doc. 65-2).

Court is kindly directed to enter default against Defendant Ratliff.

**IT IS FURTHER ORDERED** that attorneys' fees in the amount of $8,160.00 are awarded in favor of Plaintiff against Defendant Ratliff.

**IT IS FINALLY ORDERED** that any motion for default judgment against Defendant Ratliff must be filed **within thirty (30) days of this Order**. If not motion for default judgment is filed, Defendant Ratliff will be terminated as a defendant in this case without further notice.

Dated this 27th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge